IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN FERGUSON, | § § | |
| Plaintiff, | § § | |
| V. | § § | 1-15-CV-462  RP |
| MARIE SEVIN, | § § | |
| Defendant. | § § | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment, filed December 10, 2015 (Clerk's Dkt. #33) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following Opinion and Order.

**I. BACKGROUND**

On February 10, 2015 Plaintiff Kevin Ferguson ("Ferguson") filed this action in the United States District Court for the Southern District of Mississippi. He named as sole defendant Marie Sevin ("Sevin"). By order dated May 29, 2015, the Mississippi court granted Plaintiff's motion to transfer venue, based on Sevin's current residency in Texas, and transferred the action to this Court.

This action arose from an automobile accident near Crescent City, Louisiana on September 3, 2013. According to Ferguson, the vehicle driven by him collided with the vehicle driven by Sevin as a result of Sevin's negligence. Ferguson seeks monetary damages for the injuries he suffered in the collision.

Sevin has now moved for summary judgment on the sole basis that Ferguson's claims are barred by the applicable statute of limitations. The parties have filed responsive pleadings and the motion is now ripe for determination.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995).  The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.  *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992).

The Court will view the summary judgment evidence in the light most favorable to the non-movant.  *Rosado v. Deters*, 5 F.3d 110, 122 (1993).  The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial.  *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).  "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id*.

## III.  ANALYSIS

Defendant has moved for summary judgment on the sole basis that Plaintiff's claims against her are barred by the applicable statute of limitations.  Plaintiff, in turn, contends Defendant has waived the application of limitations to this action.

Plaintiff filed this action alleging jurisdiction based on diversity of citizenship, and raising only a state law claim. (Compl. ¶¶ 3, 10). In diversity cases, courts apply federal procedural and evidentiary rules, and the substantive laws of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under the *Erie* doctrine, federal courts apply the statute of limitations that the forum state would apply. *Huss v. Gayden*, 571 F.3d 442, 449-50 (5th Cir. 2009) (citing *Guar. Trust Co. v. York*, 326 U.S. 99, 109–10 (1945)).

In Texas,,actions for "death or personal injury" filed on behalf of non-residents are subject both to Texas' statute of limitations and to the statute of limitations of the jurisdiction "in which the wrongful act, neglect, or default took place." TEX. CIV. PRAC. & REM. CODE § 71.031(a)(2)-(3). Plaintiff is a resident of Mississippi and the collision underlying this action occurred in Louisiana. (Compl. ¶¶ 1, 5). Accordingly, Plaintiff's claims are subject to the statutes of limitations of both Texas and Louisiana.

Claims for personal injury in Texas are governed by a two-year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997). Claims for personal injury in Louisiana are governed by a one-year prescriptive period. LA. CIV. CODE ART. 3492; *Treadwell v. St. Tammany Par. Jail*, 599 F. App'x 189, 190 (5th Cir. 2015). According to Plaintiff, the collision occurred on September 3, 2013. (Compl. ¶ 5). He did not file this action until February 10, 2015, well more than one year later.

Ferguson does not contest the general applicability of the Louisiana prescriptive period to this action. Rather, he maintains his claim should survive summary judgment because Sevin agreed to waive the limitations period in prior related litigation.[1] Specifically, Ferguson contends counsel for Sevin orally agreed in a court hearing to waive any applicable statute of limitations.

---

[1] Although not precisely clear, it appears Ferguson is also suggesting equity weighs against dismissal of this case because he was without any available forum in which to seek relief. However, Ferguson chose to file suit in Mississippi twice, rather than seek relief in the state where the collision occurred and in which Sevin was a resident at the time.

Ferguson's argument is based on a prior action filed by him on April 14, 2014 in the Circuit Court of Jackson County, Mississippi asserting the same claim he asserts in this action. (Def. Mot for Summ. Jt. Ex. A). On May 19, 2014 Sevin filed a motion to dismiss pursuant to Mississippi's statutory version of the forum non conveniens doctrine. She argued the witnesses and scene of the accident were in Louisiana, and further that, as a resident of Louisiana,[2] litigation in Mississippi would impose monetary burdens on her travel. (*Id*. Ex. B). Ferguson filed a response to the motion on June 4, 2014, arguing Mississippi was an appropriate forum for the action. (*Id*. Ex. C). In her rebuttal, filed June 16, 2014, Sevin pointed out she had no direct ties to Mississippi, and also noted she had asserted lack of personal jurisdiction as an affirmative defense. (*Id*. Ex. D).

The Mississippi court conducted a hearing on September 3, 2014. At the outset of the hearing, Sevin's counsel stated several issues needed to be addressed "the first of which was referenced in our rebuttal which is that there is no personal jurisdiction over Ms. Sevin." (Plf. Resp. Ex. C at 2). Counsel then stated "we would ask the Court to find that there is no jurisdiction over Ms. Sevin, a Louisiana resident with no ties in the Mississippi community." (*Id*. at 3). Counsel then also noted Sevin was requesting dismissal on the basis of inconvenient forum. (*Id*.).

Ferguson's counsel responded, and stated "to be quite honest with the Court," based on the pleadings and argument of opposing counsel, "I do believe we do have to concede the issue of personal jurisdiction." (*Id*. at 4). Ferguson's counsel noted the pending motion addressed the issue of forum non conveniens, and argued those factors weighed in favor of plaintiff, but again stated "I do believe it is appropriate at this time to concede the issue of jurisdiction." (*Id*. at 5).

Counsel for Sevin responded by stating:

we do agree that there is no personal jurisdiction over Ms. Sevin in this case. We did, should Your Honor wish to review the forum non-convenience ground, I believe that we did assert in the motion that we would comply with the waiver portion of the statute.

---

[2] As referenced above, Sevin is currently a resident of Texas.

(*Id*.). The judge responded simply "Okay. Very good. Get me an order." (*Id*.).

On November 21, 2014, the Mississippi state judge signed a Judgment of Dismissal. The Judgment states the cause came before the court "on the motion of Defendant, Marie Sevin, to dismiss for lack of personal jurisdiction, and the Court having considered same finds that the motion is well-taken and should be sustained." (Def. Mot for Summ. Jt. Ex. E).

As Ferguson points out, the statute on which Sevin relied in asserting forum non conveniens in the Mississippi state action requires the defendant to file a written stipulation that all defendants waive the right to assert a statute of limitations defense with respect to any new action on the claim asserted by the plaintiff before the court may dismiss a claim under the statute. *Alston v. Pope*, 112 So. 3d 422, 425 (Miss. 2013) (citing MISS. CODE ANN. § 11–11–3(4)(b) (Rev. 2004)). He argues that the statements of counsel for Sevin in the September 2014 hearing in the Mississippi state court constitutes oral compliance with the waiver requirement and thus bars Sevin from asserting the statute of limitations in this action.

The Court disagrees. The statement of Sevin's counsel on which Ferguson relies is not an affirmative waiver. Rather, counsel makes clear that compliance with the waiver requirement is contingent on whether the Mississippi state judge "wish[ed[ to review the forum non-convenience ground." (Plf. Resp. Ex. C at 5). And the judgment signed by the Mississippi state judge clearly identifies the basis of dismissal as personal jurisdiction, not the inconvenience of the forum. Accordingly, Ferguson has not shown there was an agreement to waive the applicable limitations period and his claim is thus barred.

### IV.  CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment

(Clerk's Dkt. #33).  All claims brought by Plaintiff Kevin Ferguson are dismissed with prejudice.

**SIGNED** on January 13, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE